# 17-2304 JMC
## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Special Agent Reid Messner, of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) being duly sworn, deposes and states as follows:

### BACKGROUND

1.      I submit this affidavit to apply for a search and seizure warrant for two (2) cellular telephones, listed in Attachment A of this Affidavit (herein the "**Subject Electronic Devices**"), that were seized by the Baltimore Police Department (BPD) pursuant to a search and seizure warrant executed in the course of a homicide/shooting investigation pertaining to Andrew PARMLEE (the "**Target Subject**"), the suspected user of those phones.

2.      The items to be searched are believed to contain and conceal items that constitute evidence of a violation of Title 18 section 922(g)(1), that is possession of a firearm and/or ammunition by a prohibited person. The phones are currently in the custody of the BPD.

3.      The applied for warrant would authorize the examination of the **Subject Electronic Devices** for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment B by members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation.

### AGENT BACKGROUND

4.      I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

1

# 17 - 2 3 0 4 JMC

5.      I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms and Explosives (ATF) and has been since September 2014. I have successfully completed the Criminal Investigator Training Program and the ATF Special Agent Basic Training Academy at the Federal Law Enforcement Training Center, located in Glynco, Georgia, where I received specialized training in the investigation of federal crimes involving firearms, alcohol and tobacco diversion, arson and explosives and narcotics.

6.      I am currently assigned to the Baltimore Field Division, Baltimore Group VI, which investigates violations of federal firearms laws, violent crimes and armed narcotic trafficking. During my tenure with ATF, one of my primary duties has been investigating firearms and narcotics trafficking enterprises. In addition, I have been involved in arrests and interviews of narcotics and firearms traffickers. I have also been involved in wiretap investigations and the execution of search warrants in relation to narcotics and firearms trafficking.  As a result, I am familiar with the manner and means of narcotics and firearms trafficking.

7.      Prior to my employment with ATF, I was a Special Agent and Police Officer with the United States Capitol Police (USCP) for five years. I have successfully completed the Uniform Police Training Program and the USCP Special Agent Basic Training Academy at the Federal Law Enforcement Training Center, where I received training in the investigation of federal crimes.

8.      The instant investigation is being conducted by the ATF, and the Baltimore Police Department (BPD).  I have personally participated in this investigation and make this affidavit based upon my personal participation in this investigation and based on reports made by other law enforcement agents.  Except where otherwise noted, the information set forth in this affidavit has been provided to me by other law enforcement agents who have assisted in the investigation.

2

17 - 2 3 0 4 JMC

Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement was made by another law enforcement officer (any of whom may have had either direct or hearsay knowledge of that statement) to whom I or other law enforcement officers have spoken or whose reports I have reviewed. Such statements are reported in substance and in part, unless otherwise indicated. Likewise, information resulting from surveillance sets forth either my personal observations or information provided directly or indirectly through other law enforcement officers who conducted such surveillance. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the stated offense.

9. Through training and experience in criminal investigations and arrests, I have become familiar with the actions, traits, habits, and terminology utilized by individuals involved in firearm violations and/or drug trafficking. Based on this familiarization, I know the following:

a. The fruits and instrumentalities of criminal activity are often concealed in digital form. Specifically, digital camera technology is often used to capture ad store images of the tools and instrumentalities of criminal activity. Cell phones have both digital storage capacity and digital camera capabilities.

b. Individuals involved in firearm violations/drug trafficking often use digital storage devices to maintain telephone number "contact lists" of individuals who may have assisted in the planning of this and other criminal activity and sometimes take photographs of themselves and/or co-conspirators.

c. Individuals who possess or own handguns or other weapons and/or illegal substances frequently photograph themselves holding the handguns or other weapons and/or illegal substances.

3

d.     Cell phones often record the phone's historical location data.

**PROBABLE CAUSE**

10.     On the afternoon of May 20, 2015, Baltimore Police Department (BPD) officers responded to the 2400 block of E. Monument St. for reports of a shooting. When they arrived at the scene the officers found a shooting victim (who later died) nearby in front of 745 North Milton Street and a significant number of shell casings and bullet fragments in the area.

11.     Other BPD responding to the call were traveling southbound in the 700 block of N. Kenwood Avenue when they observed a black four-door Acura RLX MD Tag: 76897CF (the **Suspect Vehicle**) strike another vehicle at the intersection of E. Monument St. and N. Kenwood Ave. When the **Suspect Vehicle** attempted to flee the scene, the officers gave chase and followed the **Suspect Vehicle**, until it stopped near the intersection of E. Madison St. and N. Kenwood Ave. When the **Subject Vehicle** stopped, the driver, Andrew PARMLEE (the **Target Subject**) and the front passenger, Shilo THOMAS ("THOMAS") fled the scene on foot. The rear seat passenger, DeSean ROBBINSON, was found to be suffering from a gunshot wound. BPD officers gave chase and THOMAS was soon detained. The **Target Subject** ran into a residence in the 800 block of N. Linwood Street and barricaded himself in the residence for more than an hour before surrendering to law enforcement. The **Target Subject** was found to be suffering from a gunshot wound to his left arm, was taken to the hospital, treated and released. He was then interviewed by BPD detectives. During the interview, **Target Subject** admitted that he had been an occupant of the **Suspect Vehicle**.

12.     BPD officers looked inside the **Suspect Vehicle** and observed in plain view blood and two pistols: a HS Product (Springfield Armory), Model XDM-9, 9mm caliber, pistol, SN:

4

17 - 2 3 0 4 JMC

MG757300 (reported stolen out of Baltimore County MD) on the passenger seat; and a Keltec, Model P11, 9 mm caliber, pistol, partially obliterated SN: 306?9, containing nine rounds of 9mm Luger FMJ Winchester ammunition on the passenger floor. The **Suspect Vehicle** was then towed to the Baltimore City Crime Lab and secured pending a search warrant.

13.     On May 21, 2015, BPD detectives obtained search and seizure warrants signed by the Honorable Judge Jennifer Etheridge of the District Court of Maryland for the **Suspect Vehicle** and for oral swabs for Deoxyribonucleic (DNA) comparison samples from the **Target Subject**. During the search of the **Suspect Vehicle**, BPD officers recovered the two pistols and the **Subject Electronic Devices** (more fully described in Attachment A).

14.     The two firearms located inside the **Suspect Vehicle** were submitted to the Baltimore Police Department Laboratory Section for DNA and firearm analysis. The swabs of the grip areas and other rough areas on the Keltec 9mm handgun yielded a single source DNA profile consistent with the **Target Subject**. The firearm analysis of that pistol and cartridge casings found at the scene of the shooting in the 2400 block of E. Monument St. indicated that the Keltec had fired one of the casings.  Blood evidence obtained from the 2400 block of Monument St. was also tested and found to contain the **Target Subject's** DNA.

15.     A review of CCTV footage of the 2400 block of Monument St showed the **Target Subject** in the area prior to and immediately after the shooting (the shooting itself was not caught on the CCTV footage).  That footage also appeared to show the **Target Subject** entering the **Suspect Vehicle** soon after the shooting.

16.     Based on the above evidence, the fact that the Keltec pistol was not manufactured in Maryland and a review of the **Target Subject's** criminal history which showed that the **Target**

**Suspect** had previously committed a crime punishable by more than a year in prison, on March 25, 2016, the **Target Subject** was charged federally with possession of a firearm by a prohibited person in violation of Title 18 USC 922(g)(1). The **Target Subject** was later taken into federal custody.

## THE SUBJECT ELECTRONIC DEVICES

17.     Both **Subject Electronic Devices** were recovered during the execution of a State of Maryland search and seizure warrant pertaining to the **Suspect Vehicle**. **Subject Electronic Device 1** and **2** were both recovered from the front driver side floorboard. Both are now in the custody of the BPD.

18.     Based on the evidence described above and statements from witnesses and BPD police officers, I believe that the **Target Subject** was the driver of the **Suspect Vehicle** prior to him being apprehended by the BPD. No electronic device(s) was/were recovered from the **Target Subject** following his arrest and an electronic device, suspected of belonging to Shilo THOMAS (based on a review of the contents of the phone), was recovered at a nearby crime scene. Given this, the close proximity of the electronic devices to the **Target Subject's** position in the car, I believe that the **Subject Electronic Devices** belonged to the **Target Subject**.

## CONCLUSION

19.     I submit that the facts recounted above establish probable cause that the **Target Subject** have committed a violation of federal firearm law, and that evidence of a crime could be found in the phones recovered from the **Suspect Vehicle**.

20.     Because I believe, based on their location inside the **Suspect Vehicle** controlled by the **Target Subject**, that the **Subject Electronic Devices** comprise the phones used by the

**Target Subject** in close proximity to firearms, there is probable cause to believe that evidence of a crime could be found within the **Subject Electronic Devices**.

21.    WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to search the **Subject Electronic Devices**, as described in Attachment A, for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment B.

FILED _____ ENTERED
LOGGED _____ RECEIVED

SEP 2 5 2017

/T BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND  DEPUTY

BY

Reid Messner
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Sworn to before me on ___24 Augst_____, 2017

The Honorable J. Mark Coulson
United States Magistrate Judge

17 - 2 3 0 4 JMC

## ATTACHMENT A

### Description of the Items to be Searched

- A silver Apple I-phone, Model: A1549, CI: 579CE2816A, FCC ID: BCGE2816A, IMEI: 354408061208382 and any attached SIM or memory card (**Subject Electronic Device 1**)

- A Samsung flip phone, Model: SPH-M270, FCC ID: A3LSPHM270, DEC: 268435462916719857 and any attached SIM or memory card (**Subject Electronic Device 2**)

17 - 2 3 0 4 JMC

## ATTACHMENT B

### Search Protocols

This warrant authorizes the search and seizure of the following electronically stored information, contained within the items described in Attachment A:

a.  digital images;

b.  digital videos;

c.  records of incoming and outgoing voice communications;

d.  records of incoming and outgoing text messages;

e.  the content of incoming and outgoing text messages;

f.  voicemails;

g.  voice recordings;

h.  contact lists; and

i.  location data;

that are related to the investigation into firearm violations as more fully described in the Affidavit.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what the government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol.

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which the probable cause exists.

9

17 - 2 3 0 4 JMC

The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.